IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HARRIS,<br><br>        Plaintiff,<br><br>  vs.<br><br>SANTA RITA JAIL,<br><br>        Defendant. | No. C 14-3234 DMR (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On July 6, 2014, Plaintiff Charles Harris, who is currently in custody as Santa Rita Jail ("Santa Rita") in Alameda County, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He has also filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge. Dkt. 1 at 4.

Venue is proper because a substantial part of the events giving rise to the action occurred in Santa Rita, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

For the reasons outlined below, the complaint is DISMISSED WITH LEAVE TO AMEND.

## DISCUSSION

### I.   Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

(1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although in order to state a claim, a complaint

> does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations and internal quotation marks omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *See id.* Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Id.* at 634.

**II.   Legal Claims**

Plaintiff alleges that as of February 28, 2014, he could no longer purchase soap bars from the commissary at Santa Rita as this item has been "discontinued." Dkt. 1 at 3.

2

The Eighth Amendment requires prisons to provide prisoners with sanitary conditions of confinement. *See Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). The Ninth Circuit has specifically held that prisons must provide prisoners with personal hygiene supplies such as toothbrushes and soap. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998).

Here, Plaintiff alleges that soap was withheld for about four months, from February 28, 2014 until -- at the earliest -- the date he filed his complaint, July 6, 2014. Because Plaintiff has alleged that soap has been "discontinued" from being offered at the commissary, it is possible that the period it has been withheld is much longer or even still ongoing. Such a lengthy denial of hygiene supplies amounts to more than a de minimis[1] injury and thus gives rise to a cognizable claim for relief.

However, the only named defendant is listed as "Alamed[a] County Jail Santa Rita," which the Court construes to be Santa Rita or, presumably, all jail employees at Santa Rita. A defendant cannot be held liable simply based on his membership in a group without showing his individual participation in unlawful conduct. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). Either personal involvement or integral participation of each defendant in the alleged constitutional violation is required before liability may be imposed. *See Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002). Plaintiff cannot name all jail employees at Santa Rita as Defendants without naming and linking specifically each jail employee to his claim. Accordingly, the Defendant group consisting of all jail employees at Santa Rita (as opposed to individually named jail employees) is DISMISSED.

Even if Plaintiff had meant to list individually named jail employees, Plaintiff does not allege what these defendants did in connection to discontinuing the soap supply at Santa Rita's commissary. To state a cognizable claim for relief, Plaintiff must allege facts describing how each defendant was involved in, and caused, the alleged violations of his rights. *See Leer*, 844 F.2d at 633-34.

Finally, if Plaintiff had meant to allege a municipal liability claim against Santa Rita, he has

---

[1] *Cf. Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (Eighth Amendment excludes from constitutional recognition de minimis uses of force); *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain), *amended*, 75 F.3d 448 (9th Cir. 1995).

not alleged such grounds for municipal liability against Santa Rita based on any theory other than that of respondeat superior. This is not a sufficient ground for municipal liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory). Accordingly, Plaintiff's municipal liability claim against Defendant Santa Rita is DISMISSED with leave to amend. If Plaintiff can in good faith assert facts which state constitutionally cognizable claims for relief against this municipal Defendant, he may include them in his amendment to the complaint.

Accordingly, Plaintiff will be given leave to file an amended complaint that cures the above defects in the complaint.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file an amended complaint correcting the deficiencies of his claims as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 14-3234 DMR (PR) -- on the form, clearly label it "Amended Complaint," and complete all sections of the form. Because this amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). He may not incorporate material from the original complaint by reference. He must also specify whether he exhausted or was prevented from exhausting his administrative remedies with respect to any or all of those claims before filing this action. **Plaintiff's failure to file an amended complaint by the twenty-eight day deadline will result in the dismissal of this action without prejudice.**

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new

4

address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

3. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

4. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated: 11/18/14

DONNA M. RYU
United States Magistrate Judge