IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HARRIS,<br><br>          Plaintiff,<br><br>   vs.<br><br>SANTA RITA JAIL,<br><br>          Defendant._____/ | No. C 14-3234 DMR (PR)<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On July 6, 2014, Plaintiff Charles Harris, who is currently in custody in Santa Rita Jail ("Santa Rita") in Alameda County, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*.

Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge. Dkt. 1 at 4.

Venue is proper because a substantial part of the events giving rise to the action occurred in Santa Rita, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In an Order date November 18, 2014, the Court reviewed the complaint and issued an Order Dismissing Complaint With Leave to Amend, finding that Plaintiff had failed adequately named the jail employees responsible or to link each Defendant to identifiable injuries. Dkt. 6. The Court specifically found that Plaintiff's allegations could give rise to a cognizable claim for relief, stating:

> Here, Plaintiff alleges that soap was withheld for about four months, from February 28, 2014 until -- at the earliest -- the date he filed his complaint, July 6, 2014. Because Plaintiff has alleged that soap has been "discontinued" from being offered at the commissary, it is possible that the period it has been withheld is much longer or even still ongoing. Such a lengthy denial of hygiene supplies amounts to more than a de minimis injury and thus gives rise to a cognizable claim for relief.

*Id.* at 3 (footnote omitted). The Court dismissal the Defendant group consisting of all jail employees at Santa Rita because Plaintiff "cannot name all jail employees at Santa Rita as Defendants without naming and linking specifically each jail employee to his claim." *Id.* However, the Court granted Plaintiff leave to file an amended complaint in which he names the individually named jail

1  employees responsible for the alleged unlawful conduct, and clearly links each Defendant to the
2  alleged injury or injuries by "describing how each defendant was involved in, and caused, the
3  alleged violation of his rights." *Id.* The Court also dismissed Plaintiff's municipal liability claims
4  against Santa Rita with leave to amend if he can "in good faith assert facts which state
5  constitutionally cognizable claims for relief against this municipal Defendant . . . ." *Id.* at 4.
6      Now pending before the Court is Plaintiff's amended complaint in which he states the
7  following:

> I have talked with Officer Freely in housing 6, and was told that Santa Rita Jail
> stop[p]ed the selling of bars of soap. He did not have a . . . or rank of person(s)
> who was involved. I also was given a reason why, and the reason was because the
> soap was stop[p]ing up the drains. I talked to a worker at Trinity Corporations . . .
> who passed out commis[sa]ry on 11-21-14 and was told that Santa Rita Jail
> stop[ped] the selling of bar soap as well. A T. Schellenberg, Lt.[,] said it was
> Trinity Corporations['] decision to stop selling bar soap. That's in my grievance.

12  Dkt. 8 at 3. Finally, under relief, Plaintiff simply states, "I would like for my case to continue
13  please." *Id.*
14      As noted, in its November 18, 2014 Order dismissing the complaint with leave to amend, the
15  Court explained to Plaintiff that he cannot proceed with his claim without naming individual
16  Defendants and linking them to his allegations. Plaintiff has not done so. In fact, Plaintiff simply
17  lists "Santa Rita Jail" in the caption of his amended complaint as the only named Defendant. *Id.* at
18  1. As explained above, if Plaintiff intends to name all jail employees at Santa Rita, such a claim has
19  already been dismissed. In addition, Plaintiff's municipal liability claim against Santa Rita has been
20  dismissed with leave to amend. However, in his amended complaint Plaintiff fails to assert facts
21  which state constitutionally cognizable claims for relief against this municipal Defendant. While
22  Plaintiff names two individual jail employees in the body of his complaint -- Officer Freely and Lt.
23  T. Schellenberg -- Plaintiff fails to link them to his claims. For example, Plaintiff merely alleges
24  that he spoke with Officer Freely about the soap bars being discontinued, but Officer Freely was
25  unable to name those involved in the decision to discontinue the soap bars. Dkt. 8 at 3. In addition,
26  Plaintiff states that Lt. Schellenberg informed him that "Trinity Corporations" made the "decision to
27  stop selling bar soap." *Id.* Plaintiff adds in a conclusory fashion that he filed a "grievance." *Id.*
28  However, Plaintiff does elaborate as to what claims he included in this grievance. Nor does he

2

1  explain whether his grievance was denied.  Finally, Plaintiff does not (1) provide the Court with the
2  names of the jail employees who resolved (or denied) his grievance, or (2) explain how his
3  grievance relates to his claim involving the soap bars being discontinued.  Without the
4  aforementioned information, Plaintiff's allegations fail to state a claim upon which relief may be
5  granted under § 1983.

6  Because Plaintiff is proceeding *pro se*, the amended complaint is DISMISSED with leave to
7  amend, and Plaintiff is granted one *final* opportunity to amend his complaint to state cognizable
8  claims for relief.  Therefore, Plaintiff will be given leave to file a second amended complaint that
9  cures the above defects in the amended complaint.

## CONCLUSION

11  For the foregoing reasons, the Court orders as follows:

12  1.  The amended complaint is DISMISSED WITH LEAVE TO AMEND.  Within
13  **twenty-eight (28) days** from the date of this Order, Plaintiff shall file a second amended complaint
14  correcting the deficiencies of his claims as set forth above.  Plaintiff must use the attached civil
15  rights form, write the case number for this action -- Case No. C 14-3234 DMR (PR) -- on the form,
16  clearly label it "Second Amended Complaint," and complete all sections of the form.  Because this
17  second amended complaint completely replaces the original and amended complaints, Plaintiff must
18  include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th
19  Cir.), *cert. denied*, 506 U.S. 915 (1992); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *London
20  v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  He may not incorporate material from the
21  original and amended complaints by reference.  He must also specify whether he exhausted or was
22  prevented from exhausting his administrative remedies with respect to any or all of those claims
23  before filing this action.  **Plaintiff's failure to file a second amended complaint by the twenty-
24  eight day deadline will result in the dismissal of this action without prejudice.**

25  2.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
26  informed of any change of address and must comply with the Court's orders in a timely fashion.
27  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes
28  while an action is pending must promptly file a notice of change of address specifying the new

address. *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

3. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

4. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated: December 18, 2014

DONNA M. RYU
United States Magistrate Judge