UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES HARRIS,

    Plaintiff,

v.

ALAMEDA COUNTY SHERIFF AHERN,

    Defendant.

Case No. 14-cv-03234-DMR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

## I.    BACKGROUND

Plaintiff Charles Harris, who is currently in custody at San Quentin State Prison ("SQSP"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, stemming from his previous incarceration at Santa Rita Jail ("Santa Rita") in Alameda County. Plaintiff seeks monetary damages and injunctive relief.

Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge.

Venue is proper because the events giving rise to the claims are alleged to have occurred at Santa Rita, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In an Order date November 18, 2014, the court reviewed the complaint and specifically found that Plaintiff's allegations could give rise to a cognizable claim for relief, stating:

> Here, Plaintiff alleges that soap was withheld for about four months, from February 28, 2014 until—at the earliest—the date he filed his complaint, July 6, 2014. Because Plaintiff has alleged that soap has been "discontinued" from being offered at the commissary, it is possible that the period it has been withheld is much longer or even still ongoing. Such a lengthy denial of hygiene supplies amounts to more than a de minimis injury and thus gives rise to a cognizable claim for relief.

Dkt. 6. at 3 (footnote omitted). However, the court issued an Order Dismissing Complaint With Leave to Amend, finding that Plaintiff had failed to adequately name the jail employees responsible or to link each Defendant to identifiable injuries. *Id.*

Thereafter, Plaintiff filed his amended complaint. Dkt. 8.

1    In an Order dated December 12, 2014, the court dismissed the amended complaint with leave to amend upon finding that Plaintiff had once again failed to name the individual Defendants or link them to his allegations. Dkt. 10 at 2-3. The court also noted that Plaintiff had indicated, in a "conclusory" fashion, that he filed a "grievance." *Id.* However, Plaintiff failed to elaborate as to what claims he included in this grievance. Nor did he explain whether his grievance was denied. Finally, the court further noted that Plaintiff had failed to (1) provide the court with the names of the jail employees who resolved (or denied) his grievance, or (2) explain how his grievance relates to his claim involving the soap bars being discontinued. Without the aforementioned information, the court concluded that Plaintiff's allegations failed to state a claim upon which relief may be granted under section 1983. *Id.* at 3. Plaintiff was granted "one *final* opportunity to amend his complaint to state cognizable claims for relief," and he was "given leave to file a second amended complaint that cures the above defects in the amended complaint." *Id.*

Before the court is Plaintiff's second amended complaint ("SAC"). Dkt. 11. In his SAC, Plaintiff states: "I was denied the right to bar soap. I now have the name of the person who[']s responsible for taking away the soap. His name is Sheriff Ahern, who[']s in charge of Santa Rita Jail." *Id.* at 3. Under the Relief section, Plaintiff asks the court to "[r]eward [him] for [his] pain and suffering and [Defendants] den[y]ing [him his] right to buy hygi[e]ne [i.e., bar soap], and for Santa Rita to sale [sic] bar soap again." *Id.*

## II.   DISCUSSION

### A.   Injunctive Relief Claims

Plaintiff seeks both injunctive relief and money damages. The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

1  When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  A claim that the inmate might be re-transferred to the prison where the injury occurred is too speculative to overcome mootness.  *Id.*

When Plaintiff filed his SAC, he was still incarcerated at Santa Rita.  He alleged unconstitutional conditions of confinement during the period of his confinement at Santa Rita through the date he signed his SAC on December 24, 2014.  Plaintiff sought injunctive relief to remedy his alleged injuries.  On May 20, 2015, Plaintiff informed the court he had been transferred to SQSP.  Because Plaintiff has not been incarcerated at Santa Rita since at least May 2015, to the extent he seeks injunctive relief from the conditions of his confinement at Santa Rita, those claims of injunctive relief are DISMISSED as moot.  The court now proceeds to review Plaintiff's remaining claim for damages.

**B.  Claim for Damages**

Upon reviewing the remaining claim for damages in his SAC, the court finds that the SAC still fails to correct the deficiencies of the original and amended complaints, and that it contains only insufficiently detailed and conclusory allegations.  Even assuming that the court could still find that his aforementioned allegations of a denial of bar soap amounted to more than a de minimis injury and gave rise to a cognizable claim for relief, Plaintiff fails to state facts sufficient to show that the named Defendant in his SAC—Defendant Ahern—was directly responsible for any violations of Plaintiff's Fourteenth Amendment rights.[1]  *Cf. Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (Eighth Amendment guarantees state prisoner's right to personal hygiene, including toothbrushes and soap); *see also Toussaint v. McCarthy*, 597 F. Supp. 1388, 1411 (N.D. Cal. 1984) ("A sanitary environment is a basic human

---

[1] Because Plaintiff was in jail and not state prison, and presumably a pretrial detainee, at the time of the alleged violations, the Due Process Clause of the Fourteenth Amendment governs any claims about the conditions of his confinement.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  Nevertheless, the Eighth Amendment serves as a benchmark for evaluating such claims.  *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees).

need that a penal institution must provide for all inmates"). The three sentences under Plaintiff's Statement of Claim section contain no specific description of Defendant Ahern's direct involvement in the matter. Thus, it seems that Plaintiff is suing Defendant Ahern in his supervisory capacity. Specifically, Plaintiff does not allege facts demonstrating that Defendant Ahern violated his federal rights, but seems to claim Defendant Ahern is liable based on the conduct of his subordinates, i.e., the unnamed Defendants who are liable for allegedly denying Plaintiff bar soap. There is, however, no respondeat superior liability under section 1983 solely because a defendant is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Here, Plaintiff's supervisory liability claim is insufficient because he fails to allege sufficient facts showing that Defendant Ahern participated in or directed his subordinates to deny Plaintiff bar soap, or knew of this alleged violation and failed to act to prevent it. Nor does Plaintiff allege that Defendant Ahern implemented a policy that led to the denial of bar soap. Accordingly, the supervisory liability claim against Defendant Ahern is DISMISSED.

Plaintiff has already been given two opportunities to amend his claim in order to correct the alleged deficiencies in his original and amended complaint. As explained above and in the court's previous orders, he has failed to do so. Therefore, Plaintiff's allegations in his SAC fail to state a claim upon which relief may be granted under section 1983. In addition, in response to the court's inquiries regarding his grievance, Plaintiff merely indicated under the Informal Appeal section that he filed appeal log no. 14-0279 on March 14, 2014 and that it was "denied by Lt. T. Schellenberg." Dkt. 11 at 1. Plaintiff does not indicate whether he submitted the grievance to the highest level of appeal because has left blank the other sections relating to exhaustion on the complaint form. As such, it seems that even if Plaintiff's claim in that grievance related to the

1 denial of bar soap, such a claim may also be unexhausted and subject to dismissal. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending.); *see also Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

Accordingly, because Plaintiff has failed to correct the deficiencies of his original and amended complaints, the SAC is DISMISSED without prejudice for failure to state a claim upon which relief may be granted under section 1983.[2]

### III. CONCLUSION

For the reasons outlined above, the court orders as follows:

1. Plaintiff's claims for injunctive relief are DISMISSED as moot.

2. Plaintiff's supervisory liability claim against Defendant Ahern is DISMISSED.

3. Plaintiff's SAC is DISMISSED without prejudice for failure to state a claim upon which relief may be granted. Because this dismissal is without prejudice, Plaintiff may move to reopen the action only if he can in good faith file an amended claim for damages (but *not* for injunctive relief) addressing the deficiencies described in this Order and the court's prior November 18, 2014 and December 12, 2014 Orders.

4. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

IT IS SO ORDERED.

Dated: June 8, 2015

DONNA M. RYU
United States Magistrate Judge

---

[2] As mentioned above, Plaintiff has consented to magistrate judge jurisdiction. The undersigned Magistrate Judge, then, has jurisdiction to dismiss this action, even though Defendants have not been served or consented to magistrate jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties).